Filed 3/14/16 A.D. v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| A.D.,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY et al.,<br><br>        Real Parties in Interest. | D069383<br><br>(San Diego County<br>Super. Ct. No. EJ2988B) |

PROCEEDINGS for extraordinary relief after reference to a Welfare and Institutions Code[1] section 366.26 hearing. Edlene C. McKenzie, Commissioner. Petition dismissed; request for stay denied.

_____

[1]    All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Dependency Legal Group of San Diego and Amanda J. Gonzales for Petitioner.

No appearance by Respondent.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Real Party in Interest San Diego County Health and Human Services Agency.

Dependency Legal Group of San Diego and Karen McCready for Real Party in Interest, M.D., a Minor.

A.D. filed a petition for extraordinary writ under California Rules of Court,[2] rule 8.452, seeking review and stay of a juvenile court order denying reunification services as to her minor daughter M.D. and setting a section 366.26 hearing. A.D. requests that the jurisdiction and disposition orders be reversed with directions to the juvenile court to determine whether there was proper compliance with the noticing requirements of the Indian Child Welfare Act (ICWA) and to hold new jurisdiction and disposition hearings. In response to the petition, the San Diego County Health and Human Services Agency (the Agency) filed a motion to dismiss the writ petition as moot and a request for judicial notice and motion to augment the record. We grant the request for judicial notice, the motion to augment the record, and the motion to dismiss the petition as moot.

FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2015, the Agency filed a petition on behalf of three-month-old M.D. under section 300, subdivision (b), alleging A.D. had a mental illness evidenced by

---

[2]     All rule references are to the California Rules of Court.

2

her verbally aggressive and paranoid behaviors toward other residents where she was staying. A.D. attempted to feed M.D. dry baby formula with no water and became frustrated when the child would not eat. She also physically assaulted an elderly woman on the street in M.D.'s presence. She was unable to provide care for M.D. because she had been arrested and incarcerated. M.D. was placed in a licensed foster home.

On October 19, 2015, A.D. filed an ICWA-020 form on which she stated she may have Indian ancestry with the "Chee Cherokee" tribe. At the detention hearing on that date, the court noted A.D. may have Indian ancestry and deferred making an ICWA finding. The court noted A.D. had a prior dependency case and directed the Agency to investigate whether there had been an ICWA determination as to "any related sibling" of M.D.

In its jurisdiction/disposition report, the Agency noted the ICWA may apply and stated it would send notices to the Bureau of Indian Affairs (BIA) and "the respective tribes" and provide the court with the information it received from them. At a hearing on November 9, 2015, the court set a settlement conference for December 10, 2015 and a contested jurisdiction and disposition hearing for December 14, 2015. The court ordered the Agency to produce the information regarding ICWA noticing at the next hearing and deferred the ICWA issue to the settlement conference.

In an addendum report for the December 10, 2015 settlement conference, the Agency reported that on December 9, 2015, it had sent notices to the BIA, the Secretary of the Interior, and the respective tribes. The form ICWA-030 notices the Agency sent gave notice of the December 10 "Settlement/Pre-trial Conference," and was sent to the

3

following three tribes: Cherokee Nation, United Keetoowah Band of Cherokee Indians, and Eastern Band of Cherokee Indians (the tribes). The notice reported that when an Agency social worker asked A.D. if she had any American Indian heritage, A.D. said, "I do, Chee Cherokee, on my mom and grandparent's side."

At the settlement conference on December 10, 2015, the court made its jurisdiction and disposition findings and orders, and ordered that no reunification services were to be provided to A.D. The court set a section 366.26 hearing for March 30, 2016. The court noted, "the [ICWA] finding was deferred" and stated it would continue to be deferred. At the conclusion of the hearing, the court set the "ICWA special [hearing]" for February 10, 2016.

## DISCUSSION

A.D. correctly contends that the juvenile court erred by holding the jurisdiction and disposition hearing sooner than 10 days after the BIA, Secretary of the Interior, and tribes received ICWA notice from the Agency. Title 25 United States Code section 1912(a) "clearly states: 'No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by . . . the tribe or the Secretary . . . .' " (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704.)

The Agency asks that we take judicial notice under rule 8.252 of the juvenile court's February 10, 2016 minute order and findings, and that we augment the record with the Agency's addendum report and attachments that the court considered at the February 10 hearing regarding ICWA notice. In considering whether an appeal has been rendered moot by a postappeal hearing, it is appropriate for us to take judicial notice of

4

documents pertaining to the subsequent hearing. (*In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [judicial notice taken of minute order from six-month review hearing in deciding the appeal from jurisdiction and disposition orders was moot].)

Regarding augmentation, Code of Civil Procedure section 909 provides that a "reviewing court may . . . in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require. This section shall be liberally construed to the end among others that, where feasible, *causes may be finally disposed of by a single appeal and without further proceedings in the trial court* except where in the interests of justice a new trial is required on some or all of the issues." (Italics added.)

Augmentation of the record with the Agency's report, including attachments, for the February 10, 2016 hearing is appropriate because the report is relevant, it was before the juvenile court, and it concerns ICWA compliance (which can be raised at any time) rather than the merits of the dependency proceeding. (See *Alicia B. v. Superior Court* (2004) 116 Cal.App.4th 856, 866-867 [permitting augmentation of record with ICWA notices not filed in the juvenile court until the writ proceeding where appellant was challenging ICWA notice rather than termination of parental rights]; *In re A.B.* (2008) 164 Cal.App.4th 832, 841, 843 [permitting augmentation with an ICWA form from a separate dependency case, noting the ICWA issue was "distinct from the substantive merits"].)

The Agency acknowledges that its motion to augment is untimely under rule 8.452(e)(2), which provides that "[a] respondent [to a writ petition under rule 8.452] must serve and file [any request to augment or correct the record] within 5 days after the petition is filed or an order to show cause has issued, whichever is later." However, the Agency asks that we exercise our discretion to extend that time period for good cause, which we are authorized to do under rule 8.450(d). We conclude the Agency has shown good cause for extending the time to file its motion to augment. A.D. filed her writ petition on January 28, 2016. The court issued its order regarding ICWA notice applicability on February 10, 2016. The Agency filed its motion to augment seven days later, before its opposition to A.D.'s writ petition was due. The time between the hearing and the filing of the Agency's motion was not unreasonable. Because the ICWA hearing was held 13 days after A.D. filed her writ petition, it was not possible for the Agency to file a motion to augment the record with the court's ICWA findings and order within five days of the filing of the petition.

We grant the Agency's request for judicial notice and motion to augment the record, and deem the documents attached to the Agency's motion to be a part of the record in this proceeding. The attachments to the Agency's addendum report for the February 10 hearing include copies of the Agency's ICWA notices and the tribes' responses, bearing dates from December 18, 2015, to December 31, 2015. Each of the tribes informed the Agency that M.D. was not registered or eligible to register as a member of the tribe based on the information received from the Agency. Based on the Agency's report, the court properly found that reasonable inquiry had been made to

6

determine whether M.D. is, or may, be an Indian child and that the ICWA does not apply in this case.

The court's February 10, 2016 order renders A.D.'s writ petition moot. " '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal [or writ proceeding] will therefore be dismissed.' [Citation.] The question of mootness in a dependency case should be decided on a case-by-case basis, particularly when an error in the juvenile court's initial jurisdictional finding has been alleged." (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404-405.) "An exception to this rule exists where the question to be decided is of continuing public importance and is one ' " 'capable of repetition, yet evading review.' " ' [Citations.] Accordingly, 'if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot.' " (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158.)

There presently is no actual controversy about whether the ICWA applies to this case or whether proper ICWA notices were sent to the relevant entities. *In re E.W.* (2009) 170 Cal.App.4th 396 (*E.W.*) is instructive. In that case, the Court of Appeal concluded that failing to reference the younger of two siblings in ICWA notices sent to three tribes and the BIA was harmless error because the tribes' responses to the notices established that the older sibling was not an Indian child. (*Id.* at pp. 399-400.) In the interest of judicial economy, the *E.W.* court rejected the option of reversing the order

7

terminating parental rights with a limited remand for the purpose of sending additional ICWA notices that referenced the younger sibling, stating: "Even a conditional reversal with limited remand would be an empty formality and a waste of ever-more-scarce judicial resources. This is because there is no doubt that the [relevant] tribes and the BIA would respond to any ICWA notices regarding [the younger sibling] with the exact same answer as they did when they received these notices regarding [the older sibling]. . . . We cannot condone delaying [the children's stability and] permanence for an empty exercise with a preordained outcome, especially where that exercise does nothing concrete to further the purposes of ICWA—'to give tribes the opportunity to investigate and determine whether a child is an Indian child, and to advise the tribe of the pending proceeding and its right to intervene.' " (*Id.* at pp. 401-402.)

Likewise, in the present case it would be an empty formality and waste of judicial resources to reverse the jurisdictional and dispositional orders with a limited remand for the purpose of determining whether there was compliance with the ICWA noticing requirements. Because the court made that determination at the February 10, 2016 hearing, redoing the jurisdiction and disposition hearing for that purpose would be "an empty exercise with a preordained outcome" that would do nothing to further the purposes of the ICWA. (*E.W.*, *supra*, 170 Cal.App.4th at p. 402.)

A.D. argues her writ petition should not be dismissed as moot because compliance with the ICWA is an issue of continuing public importance and capable of repetition, yet evading review. Although the ICWA itself reflects and embodies important public policies, we do not view the specific issue raised in this proceeding—i.e., the juvenile

8

court's improperly conducting a jurisdiction/disposition hearing less than 10 days after a tribe's receipt of notice of the dependency proceedings—as one of broad public interest that is likely to recur. We are mindful that the juvenile court, through inadvertence or oversight, erred in conducting the jurisdiction/disposition hearing before expiration of the 10-day notice period. However, we conclude the error was harmless in light of the tribes' responses, which established that the ICWA does not apply to this case. Nonetheless, we expect that in the future the juvenile court, the Agency, and other interested parties will be diligent in making sure there has been full compliance with the requirements of the ICWA before proceeding with a jurisdiction or disposition hearing.

### DISPOSITION

The Agency's request for judicial notice and motion to augment the record are granted. The petition is dismissed. The request for stay is denied.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

Prager, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9